**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JOSEPH R. MAESTAS,

      Plaintiff,

v.                                       No. 16-cv-1243-JCH/KK

TONY F. ORTIZ,

      Defendant.

## MEMORANDUM OPINION AND ORDER

Plaintiff sued the Town of Taos ("Town" or "Taos"). Tony Ortiz ("Defendant"), a private attorney, defended the Town in Plaintiff's lawsuit. This current lawsuit arises from that proceeding. Plaintiff claims that while representing the Town, Defendant and his legal staff engaged in various extrajudicial acts, including *ex parte* communications with the state judge and conspiring with her to file an untimely motion, blocking Plaintiff's access to the court, and other acts to manipulate the outcome of his lawsuit against the Town.

Now pending are the following motions: (i) Defendant's Motion to Dismiss Plaintiff's First Amended Complaint [Doc. 4]; (ii) Plaintiff's Renewed Motion for Leave to File Amended Complaint [Doc. 14]; and Defendant's Motion for Sanctions under Fed. R. Civ. P. 11 [Doc. 17]. The Court, having considered the motions, pleadings, briefs, and applicable law, concludes that the motion for leave to file a second amended complaint is denied; the motion to dismiss is granted; and the motion for sanctions is denied.

## I.    FACTUAL BACKGROUND

### a.    Plaintiff's First Amended Complaint

Plaintiff worked for the Town of Taos. The Complaint does not say what Plaintiff's job was or why he was fired, but Plaintiff eventually sued the Town for the firing. Defendant is a private attorney. He represented the Town against Plaintiff's lawsuit. Judge Backus presided over Plaintiff's lawsuit. The jury found that the Town liable, but entered a zero dollar verdict for Plaintiff. After the state court litigation, Plaintiff brought this lawsuit under 42 U.S.C. § 1983 (2013), alleging that Defendant, his staff, and Judge Backus conspired to deprive him of his access to the court in violation of the First Amendment.

Back Filed Motion in *Liminie*

Judge Backus set a May 16, 2016 deadline to file motions in *limine* in Plaintiff's state court case. [Doc. 1-1, ¶ 4] On that day, Defendant tried to file a motion in *liminie*, but the court's electronic filing system rejected it because of technical defects with Defendant's signature. *Id*. ¶ 5. Within the following days, Defendant's legal staff contacted Judge Backus' TCAA, asking to "back date" the motion to May 16 so that it would appear timely filed. *Id*. ¶ 6. Judge Backus approved the request. *Id*. ¶ 7. Defendant's paralegal then worked with the Clerk of Court, Bernabe Struck, to file the motion. *Id*. ¶ 8. However, the court's filing system did not allow Mr. Struck to alter electronically the filing date, so Mr. Struck manually filed the motion so that it bore the court's stamp to show a May 16, 2016 filing date. *Id*. ¶ 8. On May 24, 2016 Defendant's paralegal e-mailed Mr. Struck to memorialize the back dating agreement, and attached the e-mail to the motion. *Id*. ¶ 9. In the e-mail, the paralegal stated that Judge Backus' "chambers" approved the back dating, "hinting without stating that Judge Backus had approved back dating the pleading," according to Plaintiff. *Id*. ¶ 10.

Plaintiff was never served with the back filed motion in *liminie*. *Id*. ¶ 13. He therefore moved to strike it, and also moved for sanctions against Defendant and the Town. *Id*. ¶ 14.

Because Plaintiff knew that Judge Backus authorized the back dating arrangement, Plaintiff eventually withdrew his motion to strike, sensing that Judge Backus would not rule in his favor. *Id*. ¶ 25. This resulted in a chilling effect whereby Plaintiff was not able to present his motion before an impartial judge. *Id*.

Plaintiff claims Defendant accomplished its back filed motion by engaging in *ex parte* communications with Judge Backus, even if those communications happened between intermediaries (Judge Backus' TCAA and Defendant's paralegal). *Id*. ¶ 19. Those forbidden communications resulted in Defendant filing an untimely motion, hidden from Plaintiff and the public. *Id*. ¶ 20. In addition, Defendant obscured Judge Backus' role, suggesting that her "chambers" or "Judge Backus' clerk" permitted the back filing. *Id*. ¶¶ 10, 16. In actuality, Judge Backus herself—rather than her staff—approved the back dating arrangement, implicating the judge's directly. *Id*. ¶ 17. At a later hearing, Judge Backus even acknowledged her personal involvement. *Id*. ¶ 7.

Judge Backus eventually granted the Town's back filed motion in *liminie*. *Id*. ¶¶ 31, 32. According to Plaintiff, Defendant's proposed order to the court grating the motion was full of self-serving inaccuracies that did not reflect the court's oral ruling. *Id*. ¶ 32. When Plaintiff pointed out these inaccuracies, Judge Backus amended the order, re-writing it herself. *Id*.

Plaintiff prevailed in his state court action. *Id*. ¶ 33. After the verdict, Plaintiff filed a notice of tort claim against the Town under N.M. Stat. Ann 41-4-16, indicating that he would sue Defendant personally for his litigation conduct while representing the Town. *Id*. ¶ 34. In response, Defendant filed with Judge Backus a "Motion for Clarification of Court Record." *Id*. ¶ 37. This tactic, according to Plaintiff, was "to manipulate [the state court] proceedings and … punish and sanction Plaintiff for filing a Tort Claim Notice." *Id*. ¶ 40.

<u>*Ex Parte* Communications Regarding Hearings</u>

Plaintiff also claims that court hearings were continued as a result of improper *ex parte* communication and without proper court filing. *Id*. ¶ 27. For example, the court set a hearing for September 1, 2016. *Id*. For unknown reasons, it was moved to August 30, 2016. *Id*. Then, "upon information and belief, Defendant's staff communicated with Judge Backus' office and had her office move the hearing back to September 1, 2016." *Id*. This was all accomplished without moving the court. *Id*. When Plaintiff confronted Defendant about these questionable calendar changes, Defendant replied in an e-mail that "the court does not have to file a motion every time there is a scheduling change … you were copied on this communication and the [c]ourt is not in any way outside of its authority to consider scheduling matters without a motion." *Id*. ¶ 28. Defendant ended the e-mail by daring Plaintiff to seek sanctions against Defendant. *Id*. ¶ 29.

<u>March 16, 2016 Order</u>

Early in the case, on March 16, 2016, Gabrielle Stewart, an associate attorney at Defendant's law firm, submitted to the court a proposed order ("March 2016 Order") extending the Town's time to file a brief, in which Ms. Stewart falsely noted Plaintiff's concurrence. *Id*. ¶ 26. According to Plaintiff, "Defendant had fabricated his approval of the form of the Order and inasmuch as placing an electronic signature on a court document amounts to forgery, Defendant forged Plaintiff's counsel's signature on the Order." *Id*.

**b.      Facts in Plaintiff's Proposed Second Amended Complaint**

Following Defendant's Motion to Dismiss in this Court, Plaintiff requested the Court's leave to amend his complaint to add more defendants and to amplify some of the allegations contained in the First Amended Complaint. Plaintiff requests to add four new parties as defendants: (1) Nadine Mondragon-Stenberg, Defendant's paralegal who allegedly engaged in *ex*

*parte* communications with Judge Backus' TCAA; (2) Gabriella Stewart, the attorney at Defendant's law firm who allegedly filed the March 2016 Order without Plaintiff's counsel's agreement; (3) Tony Ortiz, Attorney at Law, LLC, the law firm that employed Defendant; and (4) Ortiz and Zamora, Attorneys at Law, LLC, another law firm that employed Defendant. [Doc. 15-1, ¶¶ 2-7]

Plaintiff also wants to supplement some of his factual contentions. In his reply brief in support of his motion to amend, Plaintiff attached an e-mail correspondence between two workers at the Eight Judicial District Court. [Doc. 27, ¶ 5]. The e-mail sheds more light on why Judge Backus permitted Defendant to back file his motion. As Barbara Arnold, the e-mail's author explained,

> Nadine [Defendant's paralegal] called our Court Manager (CM) and asked for a back date on a document. CM told Nadine we don't back date, and only the one who could authorize a back date is the judge. Nadine contacted Judge Backus's TCAA and asked for back date. TCAA informed Judge: 3 pleadings were submitted at the same time. Two were accepted and one rejected because it was not signed, and the attorney had informed us that all pending motions (including the one that was rejected) had been discussed at the hearing they'd already had. Judge granted the approval, so the CM "back dated" meaning he used the manual stamp on the hard copy of the motion and used the date that the document was originally submitted.

> When the CM, Judge Backus, her TCAA and I met to discuss what happened, Judge reviewed the e-filing rule and clarified for everyone that back dating should only be allowed in very exceptional circumstances and should be in writing so there is documentation.

> *Id.*

Plaintiff argues that Ms. Arnold's version of events is false. *Id*. According to Plaintiff, Ms. Mondragon-Stenberg lied when she told Judge Backus' TCAA that the back filed motion was discussed at the hearing, and Ms. Mondragon-Stenberg therefore wrongly induced the court to allow the back filing. *Id*.

Plaintiff's Second Amended Complaint also amplifies his allegations that Defendant filed his Motion for Clarification of Court Record to "punish" Plaintiff for filing a notice of tort claim. After Plaintiff accused Defendant of being under a conflict of interest for filing the motion, Defendant's associate attorney, Gabriella Stewart, litigated the remainder of the motion. *Id*. ¶¶ 49, 50. Ms. Stewart asked Judge Backus to make clear findings establishing the record. *Id*. ¶ 45. She argued that the court's findings could be a basis for asserting claim or issue preclusion against Plaintiff's tort lawsuit (this lawsuit). *Id*. ¶ 50. According to Plaintiff, this was an attempt to improperly sway the court to make findings of fact that favored Defendant. Moreover, this put Defendant in a position where he was advocating for his personal interests while representing his client, conduct that is forbidden by the rules of ethics. *Id*. ¶ 44. Judge Backus eventually denied the motion, however, stating that there existed a sufficient record. *Id*. ¶ 52.

Finally, Plaintiff alleges in his Second Amended Complaint that Judge Backus, Defendant, and his legal staff attempted to restrict his ability to appeal his state court case. *Id*. ¶ 65. In November 2016, after the jury verdict, Judge Backus and/or her staff had *ex parte* communications with Ms. Stewart and possibly Ms. Mondragon-Stenberg wherein Judge Backus instructed Ms. Stewart to file a "Notice of Filing of E-Mail Correspondence from the Parties to the Court on November 17, 2016." *Id*. According to Plaintiff, the e-mail communications between the judge and the Defendants represented an attempt to restrict Plaintiff's ability to appeal his state court case. *Id*.

## II.   PROCEDURAL HISTORY

Plaintiff filed his First Amended Complaint in state court in November 2016 alleging one federal cause of action, (Count I) brought under 42 U.S.C. § 1983 for violations of the First Amendment and Fourteenth Amendment to the United States Constitution, the Due Process

Clause, and the Equal Protection Clause for Defendant's blocking Plaintiff's right to freely access the courts. Plaintiff asserted three state causes of action, (Count II) Tortious Malicious Abuse of Process; (Count III) Violation of NMRA Rule 1-011; and (Count IV) Prima Facie Tort. *See* [Doc. 1-1.]

Following removal, Defendant filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) in lieu of an answer, seeking dismissal of all of Plaintiff's claims. Defendant argues that Plaintiff fails to state a legal claim against Defendant because he is not a "state actor" and therefore did not act under color of law in defending the Town against Plaintiff's lawsuit. Defendant argues that, alternatively, if he is deemed a state actor, then he is entitled to qualified immunity because suffered no constitutional deprivation given that fully litigated his case and had his chance to vindicate his case in state court. Defendant additionally asserts that even if Plaintiff has plausibly pled a constitutional violation, that violation was not one that was clearly established, entitling Defendant to a qualified immunity defense.

With respect to Plaintiff's state law claims for prima facie tort and malicious abuse of process, Defendant asserts that those claims fail as a matter of law because Plaintiff suffered no injury or damages from Defendant's litigation conduct since Plaintiff fully litigated his case in state court. If Plaintiff did suffer any injuries or damages, Defendant maintains that they are attributable to Defendant's legal support staff and not to Defendant personally, and that if his staff did engage in misconduct, Defendant is not liable to Plaintiff in a vicarious liability capacity for his staff's unauthorized conduct. Concerning Count III, Plaintiff's claim that Defendant violated Rule 1-011, Defendant claims that Rule 1-011 does not create a cause of action, and so this claim fails as a matter of law. Plaintiff stipulated to dismissal of Count III, and thus that count is no longer asserted. *See* [Doc. 12, p. 13]

Defendant additionally asserts that Judge Backus is a necessary party to this action under Fed. R. Civ. P. 19, and that this case cannot continue without her presence in the litigation. But because Judge Backus enjoys absolute immunity from suit, she cannot be joined. And because she cannot be joined, dismissal is required.

## III.    MOTION TO DISMISS

### A.    Legal Standard

"To overcome a motion to dismiss, a complaint must plead facts sufficient to state a claim to relief that is plausible on its face." *Sylvia v. Wisler*, 875 F.3d 1307, 1313–14 (10th Cir. 2017). The district court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Id.* "[T]he Rule 12(b)(6) standard doesn't require a plaintiff to set forth a prima facie case for each element." *Id.* "[A] claim is facially plausible if the plaintiff has pled factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## IV.    MOTION TO AMEND COMPLAINT

### A.    Legal Standard

A court should freely give leave to amend a complaint when justice so requires. Fed. R. Civ. P. 15(a)(2). Whether to allow amendment of the pleadings is within the discretion of the trial court. *See Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006). Leave sought must be freely given in the absence of any justifiable reason for the denial of the motion, such as undue delay, bad faith, repeated failure to cure deficiencies by amendments, undue prejudice, or futility of amendment. *See Forman v. Davis*, 371 U.S. 178, 182 (1962).

### B.    Analysis

The Court will analyze Plaintiff's First Amended Complaint and his proposed Second Amended Complaint together, and determine whether the proposed amendments are futile, because that issue is dispositive. "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004). To survive dismissal in this case, Plaintiff's proposed amendments must show that the defendants he intends to add as party defendants are state actors and/or that their conduct is attributable to the state, and that all of his claims are facially plausible.

**1.      Count I is dismissed because Defendant was not a state actor.**

Section 1983 provides a remedy if the deprivation of federal rights takes place "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory," more commonly known as the "under color of state law" or "state action" requirement. *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 929 (1982). In *Lugar,* the Supreme Court set forth a two-part test for determining whether the deprivation of a federal right could fairly be attributable to the state: (1) "the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible"; and (2) "the party charged with the deprivation must be a person who may fairly be said to be a state actor," and "[t]his may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." *Id.* at 937.

Private individuals generally are not considered to act under color of law, *i.e.,* are not considered state actors. A private attorney retained to represent a state entity is not automatically considered as acting under color of law. *See Beedle v. Wilson*, 422 F.3d 1059, 1073 (10th Cir. 2005) ("The conduct of an attorney acting in his professional capacity while representing his

client does not constitute action under color of state law for purposes of § 1983.") Notwithstanding this rule, a private individual may act under color of law in certain circumstances, such as when a private person is involved in a conspiracy or participates in joint activity with state actors. *See Adickes v. S.H. Kress & Co*., 389 U.S. 144, 150-52 (1970); *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980) ("private persons, jointly engaged with state officials in the challenged action, are acting … under color of law for purposes of Section 1983 claims."). In *Beedle* the Tenth Circuit explained that "when a plaintiff attempts to assert the state action required for a § 1983 claim against private actors based on a conspiracy with government actors, mere conclusory allegations with no supporting factual averments are insufficient. Rather, the plaintiff must specifically plead facts tending to show agreement and concerted action." *Beedle*, 422 F.3d at 1073.

Plaintiff cites a single case, *Cordova v. Vaugh Mun. School Dist. Bd. Of Educ.*, 3 F. Supp. 2d. 1216, 1220-21 (D.N.M. 1998) (Black, J.), to support his position that Defendant acted under color of state law. In *Cordova* the question was whether a private attorney's representation of the Vaughn school district in disciplining a teacher constituted state action where the attorney participated in discipline discussions with the school board; wrote letters of discipline on behalf of a school board member that made false accusations; singled out the teacher for discipline; rejected efforts by the state education department to mediate the situation; and then directly advocated for her firing. *Id.* Given the attorney's "active participation in the entire process" the court concluded that "his actions as retained counsel are actions that can fairly be attributed to the school board, and therefore constitute state action." *Id.* at 1221.

Here, Plaintiff's allegations are insufficient to meet the two-part *Lugar* test for establishing Defendant's status as a state actor. The first prong requires the Plaintiff's

deprivation "must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible." *Lugar,* 457 U.S. at 937. Whereas in *Cordova* the school board and the attorney were jointly engaged in disciplining and firing the teacher on the basis of false allegations, here nothing indicates that Judge Backus or Defendant abused their authority or acted in an unprofessional manner. Plaintiff's allegation that Judge Backus conspired with Defendant to permit him to "back file" a secret motion is devoid of factual support. In fact, Plaintiff's First Amended Complaint acknowledges that Judge Backus permitted Defendant to back file the motion because it was rejected due to a technical defect with the signature. Plaintiff's Second Amended Complaint indicates that Judge Backus is authorized to approve back filed motions, that she consulted the e-filing rule, and that she told her staff that back filing is allowed only in exceptional circumstances. At most, Plaintiff's allegations demonstrate that Judge Backus performed her authorized judicial functions, not that she conspired with Defendant to file a secret motion.

Although Plaintiff claims that the back filed motion was never served upon him, it is clear that the motion came to Plaintiff's attention, because he fully litigated it. It even became the subject of his motion to strike, which Judge Backus also considered at a hearing. Plaintiff was not chilled from presenting his grievances to the state court—he fully litigated the back filed motion, and presented his motion to strike to the court. That he withdrew his motion to strike and motion for sanctions because Judge Backus was supposedly biased is a conclusory allegation without factual support.

Plaintiff's allegations are also insufficient to meet the second prong of *Lugar*, that Defendant acted in concert with Judge Backus in a way that was chargeable to the state. *Id.* at 937. Plaintiff alleges that Defendant was acting under color of law because he and Judge Backus

accomplished much of their alleged conspiracy by communicating *ex parte*. No allegations in Plaintiff's Complaint plausibly support this claim. Communication between Judge Backus' TCAA and Defendant's paralegal about trouble filing a motion is the sort of routine, ministerial conversation that this Court engages in daily with attorneys or their staff. That does not mean this Court engages in *ex parte* communications, and neither did Judge Backus. It certainly does not show conspiratorial "agreement and concerted action" between Judge Backus and Defendant, which is what an actionable § 1983 conspiracy lawsuit requires.

Nor does Plaintiff present specific facts indicating that Defendant and Judge Backus communicated *ex parte* to accomplish continuances without Plaintiff knowing. This claim Plaintiff bases "upon information and belief," which is insufficient to show an actionable § 1983 conspiracy. *See Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994) (stating that "[c]onclusory allegations of conspiracy are insufficient to state a valid § 1983 claim."). Plaintiff's First Amended Complaint also provides no factual support linking Judge Backus to his allegation that Ms. Stewart submitted a "stipulated" proposed order that Plaintiff never truly stipulated to.

Plaintiff's allegation that Defendant asked Judge Backus to make factual findings that favored Defendant is likewise without factual support. Plaintiff's First Amended Complaint shows only that Ms. Stewart asked Judge Backus to make factual findings in anticipation of this lawsuit, believing that the court's findings would assist Defendant in asserting a claim or issue preclusion defense. Plaintiff pleaded no facts demonstrating that Ms. Stewart urged Judge Backus to make untruthful findings. And in fact Judge Backus denied the motion to clarify the record, belying Plaintiff's suggestion that Judge Backus and Defendant conspired to favor Defendant.

To the extent that Plaintiff argues that Defendant filed the motion for clarification to harass, threaten or retaliate against Plaintiff for filing his tort lawsuit, this again is a conclusory allegation without any meaningful factual support. Plaintiff's First Amended Complaint states only that Defendant filed the motion in an "attempt[] to manipulate [the state court case] and he sought to punish and sanction Plaintiff for filing a Tort Claim Notice," thereby interfering with Plaintiff's ability to file his tort lawsuit. However, there is simply no plausible suggestion that Defendant's motion for clarification was a tactical move to force Plaintiff to withdraw his lawsuit, or chill his access to the courts. In fact, Plaintiff did file that lawsuit, and no facts plausibly indicate that Defendant filed his motion for clarification to punish Plaintiff for having exercised his constitutional right to seek judicial relief. And for purposes of his § 1983 claim, there is no indication in Plaintiff's Complaint that Defendant and Judge Backus conspired to harass Plaintiff by means of the motion such that Defendant acted under color of law.

Lastly, Plaintiff's proposed amendments to his federal claim would be futile. Plaintiff wants to add as party defendants four new parties—Defendant's paralegal and Ms. Stewart, both of whom worked with Defendant at his firm, and two private law firms that allegedly employed Defendant, Tony Ortiz, Attorney at Law, LLC, and Ortiz and Zamora, Attorneys at Law, LLC. It would be futile to add these private parties as defendants, since their conduct was not attributable to the state for the reasons explained above. Similarly, allowing Plaintiff to add more factual detail about how Defendant allegedly acted under a conflict of interest by filing a motion requesting Judge Backus to clarify some of her rulings is also futile. Plaintiff has pleaded no facts in his proposed amended complaint showing that by filing this motion Defendant acted in a manner attributable to the state, or that Judge Backus conspired with Defendant to protect him from future legal challenges.

Concerning Plaintiff's factual allegations in his proposed amended complaint that Judge Backus, Defendant, and his staff or colleagues attempted to restrict his ability to appeal his state court case, this is devoid of factual allegation showing an actionable conspiracy under §1983. Plaintiff states only that Judge Backus and/or her staff had *ex parte* communications with Defendant's legal staff and wherein Judge Backus instructed Ms. Stewart to file a "Notice of Filing of E-Mail Correspondence from the Parties to the Court on November 17, 2016." According to Plaintiff, the e-mail communications between the judge and the Defendants represented an attempt to restrict Plaintiff's ability to appeal his case. But Plaintiff does not explain what this means. His Second Amended Complaint alleges no facts describing the content of those e-mail communications, how they could have restricted his access to seek appeal, or how Defendant's legal staff acted in a manner attributable to the state. The Court concludes that allowing Plaintiff to amend his complaint would be futile.

Because Plaintiff has not satisfied the requirements articulated by *Lugar* to survive a motion to dismiss, the Court grants Defendant's Motion to Dismiss [Doc.4] and dismisses Plaintiff's Count I with prejudice against Defendant. Plaintiff's proposed amendments regarding Count I are futile. The Court therefore denies Plaintiff's Renewed Motion for Leave to File an Amended Complaint to add allegations as they relate to Count I.

### 2. The Court exercises supplemental jurisdiction over and dismisses Counts II and IV.

The two remaining claims before the Court are both state tort law claims, malicious abuse of process (Count II) and prima facie tort (Count IV). *See* [Doc. 1-1, p. 16] The Court exercises supplemental jurisdiction over these claim. Under 28 U.S.C. § 1367(c) a district court has discretion to either retain or remand any properly removed state law claims. *See Carlsbad Technology, Inc. v. HIF Bio, Inc.,* 556 U.S. 635, 641 (2009). "A district court's decision whether

to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." *Id.* at 639. Courts should consider "the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). The Court concludes that judicial economy and fairness support retaining jurisdiction over Plaintiff's state law claims against Defendant. Although this case has not been set for trial, and although the bulk of the federal litigation has focused on the motions decided by this Memorandum Opinion and Order, the parties have filed a Joint Status Report and Provisional Discovery Plan, and have attended a scheduling conference. The Court has discretion to either remand or retain Plaintiff's state law claims, and in this case the Court chooses to retain those claims.

The Court turns to Count II, Plaintiff's claims for malicious abuse of process. The purpose of the tort of malicious abuse of process is to discourage the misuse of the judicial system. *See LensCrafters, Inc. v. Kehoe*, 2012-NMSC-020, ¶ 29, 282 P.3d 758, 765. "[W]hen the judicial process is used for an illegitimate purpose such as harassment, extortion, or delay, the party that is subject to the abuse suffers harm, as does the judicial system in general." *Id.* "In a malicious abuse of process claim, a claimant must establish three elements: (1) the use of process in a judicial proceeding that would be improper in the regular prosecution or defense of a claim or charge; (2) a primary motive in the use of process to accomplish an illegitimate end; and (3) damages." *Id.* ¶ 30. "The first element—misuse of process—can be shown in one of two ways: (1) filing a complaint without probable cause, or (2) an irregularity or impropriety suggesting extortion, delay, or harassment." *Id.*

Here, Plaintiff's First Amended Complaint and Second Amended Complaint use as a basis all of Defendant's litigation conduct previously described—Plaintiff's withdrawal of his motion for sanctions because he felt chilled from presenting that motion; Ms. Stewart's fabrication of the March 2016 Order; Defendant and Judge Backus' continuances accomplished by having *ex parte* communications, etc.—to argue that Defendant wrongly used the judicial process against him. For the reasons previously described in this Memorandum Opinion and Order, Defendant's litigation conduct was not improper. Plaintiff has pleaded no facts demonstrating a misuse of process through some impropriety suggesting extortion, delay, or harassment. There is no plausible suggestion that, for example, Defendant used the process to put pressure upon Plaintiff to compel him to take some other action or refrain from it, which is the typical sort of malicious abuse of process claim. *See Guest v. Berardinelli*, 2008-NMCA-144, ¶ 26, 145 N.M. 186, 194, 195 P.3d 353, 361 (listing as examples of wrongful use of proceedings "excessive execution on a judgment; attachment on property other than that involved in the litigation or in an excessive amount; oppressive conduct in connection with the arrest of a person or the seizure of property, such as illegal detention and conversion of personal property pending suit; extortion of excessive sums of money."). Because Plaintiff has not pleaded sufficient facts demonstrating that Defendant's litigation tactics suggested impropriety, Count II is dismissed. The Court denies Plaintiff's Renewed Motion for Leave to File an Amended Complaint to add allegations relating to Count II.

The Court turns to Count III, Plaintiff's claim for prima facie tort. To establish a claim for prima facie tort, Plaintiff must demonstrate "(1) an intentional and lawful act; (2) an intent to injure the plaintiff; (3) injury to the plaintiff as a result of the intentional act; (4) and the absence of sufficient justification for the injurious act." *Beaudry v. Farmers Ins. Exch.*, 2018-NMSC-012,

¶ 10, 2018 WL 494683 *2, —P.3d—. Prima facie tort is "a remedy for acts committed with intent to injure the plaintiff and without justification." *Kitchell v. Pub. Serv. Co. of New Mexico*, 1998-NMSC-051, ¶ 15, 126 N.M. 525, 529, 972 P.2d 344, 348.

The Court focuses on whether Defendant had an intent to injure Plaintiff. "[P]roof on the element of intent to injure must be of an actual intention to injure, not merely an intent to do the act which may result in the claimed injury." *Id.* ¶ 16. Intent to injure means an "intentional doing of a wrongful act without just cause or excuse. This means that the defendant not only intended to do the act which is ascertained to be wrongful, but that he knew it was wrong when he did it." *Id.* ¶ 17. A plaintiff bears a "heavy burden" to establish an intent to injure. *Lexington Ins. Co. v. Rummel*, 1997-NMSC-043, ¶ 12, 123 N.M. 774, 123, 945 P.2d 992, 995. Here, Plaintiff does not plausibly allege that Defendant's litigation tactics were done with intent to injure Plaintiff. His allegations that Defendant or his staff engaged in *ex parte* communications with Judge Backus lack factual support, as does his claim that the March 2016 order was accomplished by means of forgery. Nor does Plaintiff's claim that Defendant filed his motion for clarification plausibly suggest that Defendant intended to injure Plaintiff. At most, it indicates that Defendant sought to establish clear record findings in anticipation of this lawsuit. No facts suggest that Defendant improperly swayed Judge Backus to lie or embellish to hurt Plaintiff. Plaintiff's Count III is dismissed, and the Court denies Plaintiff's Renewed Motion for Leave to File an Amended Complaint to add allegations relating to Count III.

## V.    MOTION FOR SANCTIONS

### A.    Legal Standard

Although the Court has dismissed Plaintiff's claims, it retains jurisdiction to consider Defendant's Motion for Sanctions brought under Fed. R. Civ. P. 11. *See Cooter & Gell v.*

*Hartmax Corp.*, 496 U.S. 384, 395-96 (1990) ("a federal court may consider collateral issues after an action is no longer pending," including motions for costs, attorney's fees, contempt sanctions, and Rule 11 sanctions because they are "not a judgment on the merits of an action.").

"Rule 11 requires that a pleading be, to the best of the signer's knowledge, well grounded in fact, warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and ... not interposed for any improper purpose." *Predator Int'l, Inc. v. Gamo Outdoor USA, Inc.,* 793 F.3d 1177, 1182 (10th Cir. 2015). In reviewing a motion for sanctions, a court must first ask whether a pleading violates Rule 11. *See Adamson v. Bowen*, 855 F.2d 668, 672 (10th Cir. 1988). "This typically involves subsidiary findings, such as the current state of the law or the parties' and attorneys' behavior and motives within the context of the entire litigation, as well as a conclusion on the ultimate question whether the pleading violated Rule 11." *Id*.

"The second step is for the district court to impose an appropriate sanction." *Id.* "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction, meaning one limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." *Id.* (citing Fed. R. Civ. P. 11(c)(1), (4)). "[A]n attorney's actions must be objectively reasonable in order to avoid Rule 11 sanctions." *White v. Gen. Motors Corp.*, 908 F.2d 675, 680 (10th Cir. 1990). "A good faith belief in the merit of an argument is not sufficient; the attorney's belief must also be in accord with what a reasonable, competent attorney would believe under the circumstances." *Id*.

### B.    Analysis

Defendant contends that Plaintiff violated all of the relevant provisions of Rule 11. Namely, Plaintiff violated the rule's requirements of "reasonable inquiry" that a claim is

"warranted by existing law," have evidentiary support, and its requirement that the filing was "not being presented for any improper purpose." Defendant argues that Plaintiff's § 1983 claim was not warranted by existing law because it is well settled that "a lawyer representing a client is no, by virtue of being an officer of the court, a state actor under the color of law within the meaning of § 1983." [Doc. 17, p. 4] (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981)). Likewise, Defendant argues that Plaintiff's § 1983 claim is sanctionable because Plaintiff cited no adequate authority to show that his suffered a constitutional deprivation, much less one that "clearly established." Defendant also argues that Plaintiff has not sufficiently pleaded facts showing that Defendant himself (rather than his legal staff) carried out the alleged prohibited acts with Judge Backus.

Regarding Plaintiff's state law claims, Defendant contends that those claims are not warranted by existing law or supported by any evidence because Plaintiff suffered no injury or damages, both of which are prerequisites to Plaintiff's claims for malicious abuse of process and prima facie tort. Defendant also argues that since Plaintiff implicated Judge Backus in the lawsuit, yet knew that she could not be joined by virtue of the doctrine of judicial immunity, Plaintiff effectively pleaded a frivolous lawsuit. Defendant argues that Plaintiff's state law claims fail for many of the same reasons.

Defendant also believes that Plaintiff's lawsuit violated Rule 11 because it was brought for an improper purpose. The grievances Plaintiff identifies in this lawsuit—the back filed motion, the *ex parte* communications, the March 2016 Order, and more—Plaintiff could have (and did) objected to in the state court litigation, according to Defendant. That he elected to withdraw his motion to strike, for example, or to forego sanctions for the alleged "forged" March 2016 Order, is his fault. According to Defendant, this lawsuit represents a "transparent attempt to

turn a trial disappointment into a personal vendetta against Mr. Ortiz, that requires the Defendant to invoke insurance, to get counsel for his staff, and to incur substantial cost," and "should be viewed as the unvarnished improper attempt at revenge that it is." [Doc. 17, p. 17]

For his part, Plaintiff attaches to his Response sections from Defendant's Motion for Clarification of Court Record, calling it an attempt to interfere with his right to access and petition the state court. He argues that his § 1983 claim is warranted by existing law, and that he did not bring this lawsuit for an improper purpose. According to Plaintiff, he sought redress by means of this lawsuit because litigating in front of Judge Backus – who committed a crime by back dating the pleading – was not a real option.

The Court concludes that sanctions are not warranted in this case because Plaintiff pleaded federal and state causes of action warranted by existing law. Regarding Plaintiff's federal claim, Plaintiff is correct that in certain circumstances, a private attorney's conduct can be considered attributable to the state. Throughout his briefing on his motion for sanctions, Defendant took the position stated in *Dodson,* 454 U.S. at 318 that a lawyer's status as an officer of the court does not transform that lawyer into a state actor when he or she represents a client. Although this is true, Plaintiff did not argue that Defendant's actions were taken under color of law simply because of his status as an officer of the court. Rather, Plaintiff argued that Defendant and Judge Backus jointly conspired to deprive him of his ability to vindicate his constitutional rights, such that Defendant's actions were attributable to the state. In this sense, Plaintiff set forth a legally cognizable claim. *See Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980) ("private persons, jointly engaged with state officials in the challenged action, are acting … under color of law for purposes of Section 1983 claims.").

But the Court dismissed Plaintiff's § 1983 claim because he failed to plausibly allege that Defendant and Judge Backus engaged in any of the alleged wrongs he complained of. At most, his allegations demonstrate that Judge Backus performed her authorized judicial functions. His state law claims contained the same defects. The Court therefore based its dismissal of Plaintiff's claims on the conclusory and hollow nature of his allegations. *See Beedle*, 422 F.3d at 1073 ("when a plaintiff attempts to assert the state action required for a § 1983 claim against private actors based on a conspiracy with government actors, mere conclusory allegations with no supporting factual averments are insufficient. Rather, the plaintiff must specifically plead facts tending to show agreement and concerted action."). But because Plaintiff pleaded legally cognizable, but facially implausible claims, the Court cannot say that Plaintiff's only purpose was to harass or for some other improper purpose. The Court denies Defendant's Motion for Sanctions.

**IT IS THEREFORE ORDERED** that

1.   Defendant's Motion to Dismiss Plaintiff's First Amended Complaint **[Doc. 4]** is **GRANTED.**

2.   Plaintiff's Renewed Motion for Leave to File Amended Complaint **[Doc. 14]** is **DENIED.**

3.   Defendant's Motion for Sanctions under Fed. R. Civ. P. 11 **[Doc. 17]** is **DENIED**.

**IT IS SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE